**GENERAL MOVERS, INC.,**
**Plaintiff-Appellant,**

v.

**JERNBERG FORGINGS COMPANY,**
**Defendant-Appellee.**

**No. 74–1895.**

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1975.

Decided June 3, 1975.

---

**5.** Pound, Remarks on Status of Judicial Precedent, 14 U.Cin.L.Rev. 324, 328 (1940).

**6.** Appellant's brief at 7.

William H. Towle, Chicago, Ill., for plaintiff-appellant.

Harold E. Spencer, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, STEVENS, Circuit Judge and McALLISTER, Senior Circuit Judge.*

McALLISTER, Senior Circuit Judge.

The issue in this case is clearly and briefly stated by appellee:

"May a carrier avoid the force and effect of a shipper's execution of the non-recourse clause on the prescribed standard form of a bill of lading by claiming that the shipper misdescribed the goods?"

During the period covered by the complaint, the appellee, Jernberg Forgings Company, shipped, via the appellant, General Movers, Inc., a common carrier, 351 loads of steel forgings to Kisco Company in St. Louis, Missouri. The shipments were described by appellant shipper on the bills of lading as "Forgings I/S N.O.I.," meaning forgings "iron or steel, not otherwise indexed" in the applicable tariff. All bills of lading bore the notation that freight was to be prepaid. Freight bills were prepared by the carrier, General Movers, and rendered to Jernberg, who promptly paid them. All of the bills of lading were "short-form" uniform domestic straight bills of lading, which carried a notation that the service to be performed was subject to all terms and conditions of the uniform domestic straight bill of lading carried in the applicable motor-carrier classification or tariff.

Section 7 of the terms and conditions of the uniform domestic straight bill of lading for motor carriers reads, in part, as follows:

"The consignor shall be liable for the freight and all other lawful charges, except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier, contrary to such stipulation shall make delivery without requiring such payment, the consignor . . . shall not be liable for such charges. . . ."

The clause with reference to the bill of lading above referred to is known as the "non-recourse clause." Jernberg, appellee shipper, by printed signature, executed the clause above-mentioned on the face of all the bills of lading. As executed, the clause reads:

"Subject to Section 7 of Conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

'The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

JERNBERG FORGINGS CO.
. . . . . . . . . . . . . . . . . . . . . . .
Signature of Consignor.' "

Appellee consignor counted and loaded each shipment, and described the moving commodities as "forgings . . . in the rough." Based on this characterization, appellant carrier determined the pertinent tariff charges and required advance payment from appellee consignor of the amounts due. Appellant carrier now complains that the goods shipped were in fact "ammunition shell caps;" that incorrect rates were applied, lower than required; and contends that appellee consignor must pay an additional tariff.

* Senior Circuit Judge Thomas F. McAllister of the United States Court of Appeals for the Sixth Circuit is sitting by designation.

The consignor, on the other hand, insists that it owes nothing beyond its prepayment, and contends that its alleged misdescription of the items in dispute is irrelevant in the determination of the case, and that all it ever agreed to was to prepay whatever charges were billed against it at the time of shipment, which obligation it fulfilled.

With this contention, the District Judge agreed, stating that the uncontroverted evidence established that all shipments covered by the instant bill of lading were moved under the uniform short-form bill of lading. The court then continued, reciting Section 7 of the terms and conditions of the uniform bill of lading, which has heretofore been quoted.

The District Judge then declared:

"This exception enables a shipper to avoid all potential liability, without reference to cause or fault. See, generally, Illinois Steel Co. v. Baltimore & Ohio R. Co., 320 U.S. 508, 515–16, 64 S.Ct. 322, 88 L.Ed. 259. * * * Defendant [Jernberg] availed itself of this protection by preprinting its name in the indicated space. See Denunzio Fruit Co. v. Crane, 79 F.Supp. 117, 128–29 (S.D.Cal.1948) * * *

"In opposition to the motion to dismiss, Plaintiff argues that the non-recourse section should not be enforced where, as here, the undercharges are attributable to an unintentional error by the shipper. This position lacks merit.

"First, use of the non-recourse language has been authorized without reservation by the Interstate Commerce Commission. See In re Bills of Lading, 52 I.C.C. 671, 721 (1919), 64 I.C.C. 357 (1921), 66 I.C.C. 63 (1922), 80 I.C.C. 305 (1923), 245 I.C.C. 527 (1943). More importantly, it is well settled that a bill of lading embodies the formal agreement between the shipper, carrier, and consignee and, as such, the non-recourse clause is an appropriate matter for contractual negotiations and inclusion. Hotchkiss, Bills of Lading 22–23, 25–29 (1928); Annot., 88

L.Ed. 266 (1944); 13 Am.Jur.2d, Carriers § 477. Therefore, since the complaint makes no allegation of fraud, illegality, or unequal bargaining power, the provision must be accorded full legal effect.

"By these bills of lading, then, General Movers relinquished its right to proceed against Jernberg for freight charges over and above the prepaid amount."

This is not a tort case. No fraud is claimed by appellant. As appellee says, that, while the description on the bill of lading was Jernberg's, determination of the freight rate, the calculation of the charges, and the submission of the freight bill were performed by appellant; and appellee Jernberg further submits that appellant carrier was thoroughly familiar with the nature of the traffic and if it disagreed with Jernberg's description, it had the right to assess different charges at the time of shipment.

The District Court observed that "to avoid appellant's predicament, a carrier may insist, as is its right, upon advance or guaranteed payment of charges. If, however, it accepts a non-recourse contract, it must either ascertain whether the bill of lading conforms to the shipment, or pursue its remedies against the consignee." In a footnote, the District Court suggested that, contrary to appellant's contention, the decision of the Seventh Circuit in Consolidated Freightways Corp. of Del. v. Admiral Corp., 442 F.2d 56 (C.A.7, 1971), does not estop recovery of unpaid charges from the consignee, citing Pittsburgh, etc., Ry. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151; L. & N.R.R. v. Central Iron Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900, and Southern Pacific Transportation Co. v. Campbell Soup Co., 455 F.2d 1219 (C.A.8, 1972).

Reverting to the resolution of the main issue in the case, we agree with the views expressed by Judge Austin and are in accord with his dismissal of the case.

The judgment of the District Court is affirmed.